1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT DODSON,                    )
                                       )
12                 Plaintiff,          )    2:06-cv-1819-GEB-GGH
                                       )
13        v.                           )    ORDER[*]
                                       )
14   MAZ SOUTH SACRAMENTO, INC. dba    )
     BAJA FRESH MEXICAN GRILL; JAMBA   )
15   JUICE COMPANY dba JAMBA JUICE;    )
     TOGO'S EATERIES, INC. dba TOGO'S; )
16   BASKIN ROBBINS INCORPORATED dba   )
     BASKIN ROBBINS; RR SACRAMENTO,    )
17   LLC; STARBUCKS CORPORATION dba    )
     STARBUCKS #6714; CORDANO GATEWAY, )
18   LLC; and MZLB SACRAMENTO, LLC,    )
                                       )
19                 Defendant.          )
                                       )
20

21        On July 9, 2008, Plaintiff Robert Dodson filed a motion for

22   summary judgment against Defendant Jamba Juice Company ("Jamba Juice")

23   and a motion for summary judgment against Defendant Starbucks

24   Corporation ("Starbucks").  Plaintiff, a disabled individual who uses

25   a wheelchair for mobility, seeks in his complaint injunctive relief

26   against both Defendants under the Americans with Disabilities Act

27   ───────────────

28        [*]    This matter was determined to be suitable for decision without
     oral argument.  L.R. 78-230(h).

                                      1

("ADA") and damages under California disability discrimination laws. Plaintiff declares that when he visited the Jamba Juice and Starbucks locations at issue, he encountered architectural barriers that violated federal and state disability laws; some of which are at issue in his motions.

I. Plaintiff's Motion Against Jamba Juice

Plaintiff seeks summary judgment against Jamba Juice on the following six architectural barriers he declares he encountered when he visited the Jamba Juice store: (1) the inside and outside seating had insufficient knee space for a disabled person to be able to put his or her legs under the table; (2) the inside and outside seating lacked signage to signify to a disabled person which tables would accommodate an individual in a wheelchair; (3) the restroom toilet tissue dispenser was improperly mounted and potentially out of reach from a disabled person; (4) the restroom toilet tissue dispenser protruded too far from the wall; (5) the pipes underneath the lavatory in the restroom were too far from the wall and thus impeded an individual in a wheelchair from using the lavatory sink; and (6) the pipes under the sink were not properly insulated. (Pl. Decl. Re: Jamba Juice ¶¶ 11-12.)

Jamba Juice objects to the admissibility of Plaintiff's declaration, arguing Plaintiff lacks the requisite personal knowledge of the barriers he declares he encountered at the Jamba Juice. (Jamba Juice's Obj. To Pl.'s Evid.) Plaintiff conceded at his deposition that when he visited Jamba Juice, there was no inside seating provided for anyone. (Dodson Depo. At 33:5-14.) Plaintiff also admitted in his deposition that on the two occasions he visited Jamba Juice, he did not go to the store's outdoor seating area. (Dodson Depo. at

32:1-23.)  Finally, Plaintiff's deposition testimony reveals that he never entered the restroom at the Jamba Juice.  (Id. 35:19-40:2.)

Since Plaintiff has not shown he has personal knowledge of the barriers at issue, and presents no evidence that the alleged barriers exists, his motion against Jamba Juice is denied.

II.  PLAINTIFF'S MOTION AGAINST STARBUCKS

Plaintiff's summary judgment motion against Starbucks is based on his declaration that both the inside and outside seating have insufficient knee space, in violation of ADA Accessibility Guideline § 4.32.3.  Further, Plaintiff declares there is insufficient space between the wall and the indoor seating, which limits an individual in a wheelchair from properly maneuvering, and violates ADA Accessibility Guidelines §§ 4.2.4 and 4.32.2.  (Pl. Decl. Re: Starbucks at 4:1-10.)

Starbucks counters with its expert, Kim Blackseth, who inspected the Starbucks at issue and determined that it was ADA compliant.  (Blackseth Decl.)  Blackseth declares, "The store provides both inside and outside accessible seating.  These designated tables . . . provide proper floor clear space to mobility impaired patrons . . . .  Both [the inside and outside] tables comply with applicable access regulations."  (Blackseth Decl. ¶ 11(B).)  Blackseth further states in his expert report, "Plaintiff alleges the seating did not provide an accessible table (i.e. not 19" knee space). . . .  This is untrue. See fig 1.5 shows the accessible table (5% total seating) . . . Plaintiff alleges the patio seating did not provide an accessible table (i.e. not 19" knee space). . . . This is untrue.  See fig. 1.6 shows the accessible table (5% total seating)."  (Blackseth Report at 7-8.)  Blackseth also took photographs of the tables he deemed compliant and attached them to his report.

1    Starbucks also rejoins with the declaration of Terrie Tate,
2    the Project Manager for the Starbucks store, who declares, "As a
3    practice, the disabled seating (indoor and outdoor) at the subject
4    store is configured in a manner to provide required access to mobility
5    impaired persons such as [Plaintiff].  If a patron or any other person
6    temporarily configures the disabled seating in a manner to limit such
7    access, our employees strive to immediately reconfigure it to provide
8    proper access."  (Tate Decl. ¶ 8.)

9    Starbucks' opposition shows that disputed factual issues
10   exist as to whether Plaintiff encountered accessibility barriers at
11   the Starbucks.  Construing the reasonable inferences that can be drawn
12   from the disputed facts in favor of Starbucks, as required under the
13   summary judgment standard, reveals that genuine issues of material
14   disputed facts exist as to whether Plaintiff encountered seating and
15   traveling barriers at Starbucks.  <u>See</u> <u>Devereaux v. Abbey</u>, 263 F.3d
16   1070, 1086 (9th Cir. 2001).  Therefore, the motion is denied.

17                              <u>SUMMARY</u>

18   For the stated reasons, Plaintiff's motions are denied.

19   Dated:  September 22, 2008

20

21   _____
     GARLAND E. BURRELL, JR.
22   United States District Judge

23

24

25

26

27

28